AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Central District of Illinois

| | |
|---|---|
| United States of America<br>v.<br><br>HAROLD S. KOCH<br>*Defendant(s)* | )<br>)<br>)  Case No.  20-MJ-6017<br>)<br>)<br>)<br>) |

**FILED**
FEB 1 0 2020
CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of FEBRUARY 7, 2020 in the county of Tazewell in the Central District of Illinois, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21 United States Code,<br>Section(s) 841(a)(1) and (b)(1)(B) | did knowingly possess a controlled substance, namely methamphetamine (actual), a Schedule II controlled substance, with the intent to distribute. |

This criminal complaint is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

s/ Justin Fitzgerald
*Complainant's signature*

Justin Fitzgerald, Task Force Officer, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 2/10/2020

s/ Jonathan E. Hawley
*Judge's signature*

City and state: Peoria, Illinois

Jonathan Hawley, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Detective Justin Fitzgerald (hereinafter "Your Affiant"), do hereby depose and state the following:

1. Your Affiant is a peace officer employed by the City of Pekin, Illinois and deputized under the Drug Enforcement Administration (DEA) to investigate narcotics offenses. Your Affiant has been a peace officer for thirteen and a half years and participated in hundreds of investigations into the trafficking of controlled substances. Your Affiant has been trained in the identification of controlled substances and has participated in numerous investigations targeting distributors of controlled substances, which has required the identification of substances including, but not limited to, methamphetamine, cocaine, cannabis, and heroin.

2. Your Affiant conducted an investigation into the illegal sale of ice methamphetamine by Harold S. ("Shane") Koch, date of birth 1/13/1979, a white male standing approximately six feet tall, weighting approximately 175 pounds. This Affidavit derives the information contained herein from Your Affiant's personal participation in this investigation as well as written and oral reports from other law enforcement officers and individuals. Not all facts pertaining to this case and known about Koch's involvement in drug trafficking are included in

this affidavit.

3. On February 7, 2020, Detective Beecher of the Pekin Police Department was on duty and conducting surveillance on a suspected drug house in Pekin, Illinois. He observed Harold S. ("Shane") KOCH, known to Detective Beecher as having a ~~suspected~~ Suspended driver's license and a valid Tazewell County arrest warrant, enter the driver's side of a vehicle bearing Illinois registration AB3371 and drive away.

4. Assisting Pekin Police Department Lieutenant Ranney began directly following KOCH in the suspect vehicle and saw a dark-colored object thrown out of the passenger side front window. Lt. Ranney immediately activated his police lights and siren and pulled the car over. KOCH was confirmed to be the driver, and he was taken into custody without incident. On KOCH's person, officers found a baggie containing approximately 2.8 grams of suspected ice methamphetamine in his pocket.

5. Lt. Ranney walked back to the corner where the dark-colored object was thrown out of the window and found a cigarette pack lying on the sidewalk. The cigarette pack contained a bag with a white crystal substance consistent with ice methamphetamine and weighed approximately 14.5 grams.

6. The car's passenger was identified and found to have approximately

0.5 grams ice methamphetamine in his front right pocket. He told officers that that methamphetamine was his own, and he had purchased it from KOCH for $30 that morning. The passenger also stated that KOCH claimed to be in possession of a ½ ounce of meth when they left the house. The passenger also stated that KOCH threw the cigarette pack out the passenger window prior to stopping the car and that KOCH told him the pack contained narcotics.

7. Each of the three bags of suspected ice methamphetamine were field tested in a controlled environment and tested positive for the presence of methamphetamine. Additionally, each bag's contents are visually consistent with the substances Your Affiant has observed before and confirmed by DEA laboratory testing to be methamphetamine with higher than 90% purity rates.

8. KOCH was read his *Miranda* rights and agreed to speak to detectives. KOCH admitted he sold methamphetamine and would normally acquire multiple ounces of ice methamphetamine per week to sell. KOCH admitted that he caused the ice methamphetamine to be thrown out the car's window, because he knew he had warrants and was being followed by the police. He admitted that meth was his, that he had forgotten about the additional meth in his pocket at the time of his arrest, and the passenger was a customer of his so it was likely the meth found on the passenger came from him (KOCH).

FURTHER AFFIANT SAYETH NOT.

s/ Justin Fitzgerald

_____
Justin Fitzgerald
Detective, Pekin Police Department
DEA Task Force Officer

Sworn and subscribed to me in person this 10th day of February, 2020 at _3:32 pm_ (Central Standard Time).

s/ Jonathan E. Hawley

_____
HONORABLE JONATHAN E. HAWLEY
UNITED STATES MAGISTRATE JUDGE